IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

TRAVIS BURKE,
  Plaintiff,

v.

RENEA SALTSGAVER, *et al.*,
  Defendants.

Case No. 2:25-cv-02266-JEH

**Order**

 Plaintiff filed a Complaint under 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was detained at the Champaign County Jail ("Jail"). (Doc. 1). Now before the Court is Plaintiff's Petition to Proceed *in forma pauperis* ("IFP Petition"). (Doc. 5). For the reasons stated below, Plaintiff IFP Petition is DENIED.

**I**

 As Plaintiff was not in custody when he filed his Complaint, the Prison Litigation Reform Act, 42 U.S.C. §1997e, does not apply and his IFP Petition must be reviewed under 28 U.S.C. §1915(a)(1), which is designed to ensure indigent litigants have meaningful access to the federal courts. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989). The Court must deny an IFP Petition if: (1) the allegation of poverty is untrue; (2) the action is frivolous; (3) the action fails to state a claim; or (4) the action seeks monetary relief against an immune defendant. §1915(e)(2); *see Hutchinson v Spink*, 126 F.3d 895, 899 (7th Cir. 1997) (recognizing the applicability of § 1915 to cases brought by non-prisoners).

 In his IFP Petition, Plaintiff asserts he is unemployed and has no assets, does not have any money in a checking or savings account, and his two minor

1

daughters rely on him for support. Plaintiff identifies his only expense as $800 per month for housing. As Plaintiff must certainly have other expenses, such as for food and transportation, it appears his allegations of poverty are true. The inquiry does not end there, however, as the Court must review the Complaint to determine whether the action is frivolous, fails to state a claim, or seeks monetary relief against a defendant immune from suit.

## II

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)).

Plaintiff files suit against Nurses Renea Saltsgaver and Olga Vishniakov, Lieutenants Josh Sapp and R. Snyder, Correctional Officers Borden, McMahon, and Johnson, Nurse Practitioners Aline Nelson and Sara Stover, Champaign County Sheriff Dustin Heuerman, and the Champaign County Physical Plant.

Plaintiff alleges he was severely injured in a motor vehicle accident on May 12, 2023. On November 8, 2023, Plaintiff was arrested for an aggravated DUI and aggravated battery and hospitalized for a blood clot in his lungs. On November 10, 2023, Plaintiff was released from the hospital and transferred to the Jail.

Prior to his arrest, Plaintiff was prescribed Gabapentin, Robaxin, and Lidocaine. Defendant Nurse Practitioner Nelson allegedly discontinued Robaxin and Lidocaine, decreased the dosage of Gabapentin, and prescribed Tylenol.

On November 23, 2023, Plaintiff received a medical mattress permit. On December 6, 2023, Defendant Nurse Saltsgaver instructed Defendant Correctional Officer Borden to remove Plaintiff's mattress because Plaintiff placed it on the top bunk while he was cleaning. Defendant Borden confiscated the mattress and placed Plaintiff in segregation for five days. Without the mattress, Plaintiff alleges it was difficult to sleep due to the pain.

On December 21, 2023, Plaintiff was transported to an appointment with a Pain Management Specialist ("PMS") at Carle Foundation Hospital ("CFH"). The PMS ordered physical therapy and prescribed Gabapentin, APAP, and Duloxetine. Defendant Nelson allegedly disregarded the PMS's recommendations regarding the pain medications.

On December 22, 2023, Plaintiff was transported to CFH for physical therapy. The physical therapist recommended follow up appointments every two weeks, but Plaintiff was not transported to his next appointment until January 30, 2024. Plaintiff submitted grievances regarding his need for physical therapy. Defendant Lieutenant Snyder responded: "It was stated by your PT that you no longer needed PT." *Id.* at p. 10. Plaintiff alleges this was false and that Defendant Snyder was deliberately indifferent to his serious medical needs.

Plaintiff alleges he saw Defendant Nelson on January 2 and 25, 2024. Defendant Nelson agreed to issue another medical mattress permit, but Defendant Saltsgaver allegedly told her not to.

On February 16, 2024, Plaintiff alleges he submitted a grievance regarding mold on the ceiling and a water leak under the sink in his cell. On February 27, 2024, Plaintiff slipped on the water and fell. Defendant Lieutenant Sapp responded to Plaintiff's grievance and stated there was no mold on the ceiling. Defendant Sapp also stated Defendant Champaign County Physical Plant was responsible for all repairs and was aware of the leaky sink. On March 1, 2024, Plaintiff asked

Defendant Correctional Officer Borden to examine the mold and complained to Defendant Nurse Vishniakov about pain caused by his fall.

On March 17, 2024, Plaintiff notified Defendant Correctional Officer Johnson he needed his inhaler refilled. On March 23, 2024, Plaintiff was short of breath and notified Defendant Johnson, but Defendant ignored him. Plaintiff submitted a grievance. In response to his grievance, Defendant Lieutenant Sapp stated: "Nothing validates claim, and he would be remiss to say respect goes both ways." *Id.* at p. 12.

On March 26, 2024, Plaintiff saw Defendant Nelson about pain in his left thigh. Defendant Nelson told Plaintiff she would order labs, but Defendant Saltsgaver allegedly told her not to. Plaintiff informed Defendants Nelson and Saltsgaver he was in pain, but Defendant Correctional Officer McMahon interrupted and told Plaintiff to leave.

On April 3, 2024, Defendant Saltsgaver allegedly told Plaintiff to stop writing grievances and retaliated against him by placing him on dayroom restriction. Plaintiff was given a disciplinary report and placed in segregation for five days.

On April 9, 2024, Plaintiff asked Defendant Nelson to refer him to a hearing specialist because of he had ringing in his ears and difficulty hearing. On April 16, 2024, Plaintiff asked Defendant Nurse Practitioner Stover to refer him to a hearing specialist. Plaintiff alleges Defendants denied his requests and advised him to address his hearing issues after he was released, pursuant to Jail policy. Plaintiff alleges this constitutes grounds for a *Monell* claim.

On April 26, 2024, Plaintiff alleges he asked Defendants Correctional Officers Borden and Johnson for his inhaler multiple times to no avail. During medline on April 28 or 29, 2024, Defendant Nurse Vishniakov allegedly denied Plaintiff his inhaler because it needed to be renewed.

4

II

Plaintiff's Complaint includes multiple unrelated claims against different Defendants. Plaintiff's claims are not properly joined in one lawsuit. For instance, a deliberate indifference claim against Defendants Saltsgaver and Nelson based on the alleged denial of a medical mattress permit is not properly joined with a conditions-of-confinement claim against Defendants Sapp and the Champaign Physical Plant regarding the conditions of his cell. Similarly, a First Amendment retaliation claim against Defendant Saltsgaver is not properly joined with a deliberate indifference claim against Defendants Borden, Johnson, and Vishniakov regarding the alleged denial of his inhaler.

Unrelated claims against the same Defendant may be joined in one action, but different Defendants can be joined in one action only if the claims against them arise from the same series of transactions or occurrences. Fed. R. Civ. P. 18, 20; *Kadamovas v. Stevens*, 706 F.3d 843, 846 (7th Cir. 2013) (court "can require the plaintiff 'to file separate complaints, each confined to one group of injuries and defendants.'") (quoted cite omitted); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot. Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions."); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits….").

Additionally, Plaintiff named Sheriff Heuerman as a Defendant, but Plaintiff did not include any specific allegations pertaining to Defendant Heuerman in his Complaint. It appears Plaintiff is attempting to hold Defendant Heuerman liable based solely on his supervisory role as Champaign County

Sheriff. Section 1983 does not allow actions against individuals based on their supervisory role of others. *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). Officials are accountable for their own acts; they are not vicariously liable for the conduct of subordinates. *See Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009); *Vance v. Rumsfeld*, 701 F.3d 193, 203-05 (7th Cir. 2012) (en banc). Individual liability under § 1983 can only be based upon a finding that the defendant caused the deprivation alleged. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation.").

The Court notes Plaintiff did not list Correctional Officer Johnson as a Defendant, but Plaintiff included allegations against Johnson and referred to Johnson as a defendant in the body of his Complaint. (Doc. 1 at pp. 11-12). The Clerk is directed to add Johnson to the docket as a Defendant.

Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE as a violation of Federal Rules of Civil Procedure 18 and 20. Plaintiff's IFP Petition is DENIED, as he failed to state an actionable claim. The Court will give Plaintiff leave to file an Amended Complaint within 30 days from the entry of this Order. If Plaintiff fails to file a timely Amended Complaint, or if the Amended Complaint fails to state a claim for relief, this case will be dismissed with prejudice.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE as a violation of Federal Rules of Civil Procedure 18 and 20. Plaintiff's Petition to Proceed *in forma pauperis* [3] is DENIED. Plaintiff will have 30 days in which to file an Amended Complaint. If Plaintiff files an Amended Complaint, he must either pay the $405 filing fee in full or file a renewed Petition to Proceed *in forma pauperis*. If Plaintiff fails to file a timely Amended Complaint, or if the Amended Complaint fails to state a claim**

for relief, this case will be dismissed with prejudice and Plaintiff will be responsible for paying the $405 filing fee.

2) **The Clerk is directed to ADD Johnson (Correctional Officer) as a Defendant.**

*It is so ordered.*

Entered: October 21, 2025

s/Jonathan E. Hawley
U.S. District Judge